1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10  CARL ZEISS VISION INTERNATIONAL            Civil No.    07-cv-0894-DMS (POR)
    GMBH; CARL ZEISS VISION INC,
11
                              Plaintiffs,      **ORDER ON JOINT MOTION FOR**
12                                             **ORDER ON DISCOVERY**
                      v.                       **[Docket No. 34]**
13
    SIGNET ARMORLITE INC,
14
                              Defendant.

15          On October 18, 2007, counsel for the parties in this matter contacted the Court seeking

16  resolution of their disputes regarding Plaintiffs' Preliminary Infringement Contentions pursuant to

17  the Patent Local Rules as well as this Court's September 5, 2007 Order Regulating Discovery.

18  Karineh Khachatourian and Eric Weisblatt appeared on behalf of Plaintiffs; John Wynne and Rich

19  Schnurr appeared on behalf of Defendant.  Counsel presented four issues of dispute and the Court

20  ordered counsel to brief three of those issues for resolution at a Discovery Conference scheduled for

21  October 25, 2007.  On October 24, 2007, the parties submitted their Joint Motion for Discovery as

22  well as separate Memoranda of Points and Authorities.  Due to the effects of fires which afflicted

23  San Diego County, the courthouse was closed on October 25, 2007 and the scheduled Discovery

24  Conference did not occur.  The parties' dispute was deemed appropriate for decision on the

25  submitted papers without oral argument.

26          The four issues of dispute between the parties are: (1) whether documents in support of

27  Plaintiffs' claim of a priority date based on an application submitted in Germany must be produced

28  to Defendant in a translated form; (2) whether Plaintiffs sufficiently complied with Patent Local

Rule 3.2.b; (3) whether Plaintiffs were entitled under the Patent Local Rules to assert claims of infringement while reserving their right to amend their infringement contentions at a later date; and (4) whether Plaintiffs were entitled under the Patent Local Rules to assert claims of infringement while reserving their right to later assert the Doctrine of Equivalents with respect to those claims.

### 1.  Translation of German patent application documents

The Court addressed the parties' first issue of disagreement during the October 18, 2007 conference call.  Pursuant to the obligations imposed by Patent Local Rule 3.2 and the Court's September 5, 2007 Order Regulating Discovery, Plaintiffs were required to disclose specified categories of documents with their initial claim disclosures.  Plaintiffs produced a copy of the file history for a European patent application.  The documents were produced in their German-language form and Defendant requested that Plaintiffs produce an English-language translation.

After hearing arguments of counsel, the Court ordered that Plaintiffs shall produce the documents in English if Plaintiffs or Plaintiffs' attorneys are in possession of an English translation of the German documents.

### 2.  Plaintiffs' document production pursuant to Patent Local Rule 3.2.b

Defendant's second objection to Plaintiffs' disclosures under Patent Local Rule 3.2, is that Plaintiffs have produced only copies of the file history for the U.S. patent application at issue in this case, and for the German application which Plaintiffs' claim as a priority date.  (Document 34-2 at 3.)  Patent Local Rule 3.2 requires that:

> With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" [required by Patent Local Rule 3.1], the party claiming patent infringement must produce . . . All documents evidencing the conception, reduction to practice, design or development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3.1e, whichever is earlier.

Plaintiffs have represented to Defendant that other than the file histories that were produced, "[t]here are no known non-privileged documents evidencing the conception, reduction to practice, design and development of each claimed invention created on or before [the date of the German application]."  (Document 34-2 at 3.)  Plaintiffs further assert that they are "unaware of any information that makes conception, reduction to practice, design or development of the inventions

claimed in the patent-in-suit relevant to any claim or defense in this litigation." (Document 34-4 at 4.) Thus Plaintiffs claim that their production of documents pursuant to Patent Local Rule 3.2 is complete because the file histories that have been produced are the only relevant, non-privileged documents in their possession. Plaintiffs anticipate that "the parties will exchange lists of privileged communications withheld from production. The documents withheld from production here will be described in accordance with Federal Rule of Civil Procedure 26(b)(5) in Carl Zeiss Vision's privileged document list." (Id. at 3.)

Defendant objects to Plaintiffs' determination of which documents are relevant to this litigation, as well as Plaintiffs' blanket claim of privilege for any relevant documents. (Document 34-3 at 6-10.) Defendant requests that this Court sanction Plaintiffs by making an adverse inference that would preclude Plaintiffs from relying on the date of their German patent application as a priority date for their infringement claims. (Document 34 at 7.)

A party opposing document production by a claim of privilege may not rely upon a blanket refusal. (Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the District of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005).) Rather, Federal Rule of Civil Procedure 26(b)(5) requires that a party making such an objection must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (Fed. R. Civ. P. 26(b)(5).) Though Plaintiffs acknowledge that their assertion of privilege requires the creation of a privilege log in support of their assertion, no such log has yet been produced. Plaintiffs shall now produce a privilege log that describes the nature of the documents that are being withheld from document production under Patent Local Rule 3.2. The privilege log shall describe the nature of the withheld documents, without disclosing their contents, with sufficient particularity that Defendant can challenge, and the Court can assess, the claim of privilege if there be such a need. The Court's detailed requirements for the privilege log appear below, in the Conclusion of this Order.

Plaintiffs are further instructed to reinspect the documents in their possession to ensure that they have produced all non-privileged documents evidencing the conception, reduction to practice,

design, and development of the claimed invention, created on or before January 16, 1997.  The Court is wary of Plaintiffs' broad denial of the relevance of documents that are in their possession because the parties represented to this Court at their Early Neutral Evaluation conference that Plaintiff has previously litigated the European patent of this same invention.  The Court cautions Plaintiffs' counsel that any relevant documents wrongly withheld during discovery may subject them, as well as their clients, to sanctions.

### 3. Plaintiffs reservation of right to amend contentions pending receipt of discovery from Defendant

Defendant's third objection to Plaintiffs' Preliminary Infringement Contentions is that Plaintiffs' disclosure of asserted claims stated that Plaintiffs reserve the right to add additional claims, if such claims are deemed appropriate after Plaintiffs receive discovery from Defendant pursuant to Patent Local Rule 3.4.  (Document 34 at 5-6.)  Defendant requests that the Court compel Plaintiffs to add those claims now or to preclude additional claims in this action.  (Id. at 8.) Plaintiffs represent that their reservation of additional claims was done pursuant to Patent Local Rule 3.6.  (Id.)  Patent Local Rule 3.6 provides that:

> If a party claiming patent infringement believes in good faith that . . . the documents produced pursuant to Patent L.R. 3.4 so require, then not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent Local Rules 3.1.c and d.

Defendant objects to Plaintiffs' statement in their Disclosure of Asserted Claims and Preliminary Infringement Contentions that "Zeiss awaits discovery from Signet to evaluate infringement of the remaining claims, and reserves the right to add additional Asserted Claims." (Document 34-6 at 2.)  The Court finds that this statement comports with Patent Local Rule 3.6's allowance for an amendment of the Preliminary Infringement Contentions based on discovery received from the party opposing a claim of patent infringement.  Defendant does not allege bad faith in Plaintiffs' reservation of this right to amend, nor has Plaintiff yet served Final Infringement Contentions.  The Court finds nothing improper about Plaintiffs' statement, but Plaintiffs shall not be deemed to be presently asserting claim 3 of their Preliminary Claim Chart. (Document 34-2 at 8.)

**4. Plaintiffs reservation of assertion of the Doctrine of Equivalents**

Defendant's final objection to Plaintiffs' Preliminary Infringement Contentions is that Plaintiffs have asserted that Defendant infringes specified claims "either literally or under the doctrine of equivalents." (Document 34-6 at 2.) Defendant contends that this assertion of the Doctrine of Equivalents without identification of which elements are allegedly equivalent violates Patent Local Rule 3.1's requirement that Plaintiffs disclose "[w]hether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents." (Patent L.R. 3.1.d.) Plaintiffs reply that their preliminary contention is one of literal infringement, but that their final contentions may assert the doctrine of equivalents if Defendant's document disclosures or the Honorable Dana M. Sabraw's Claim Construction Ruling so require. (Document 34 at 6-7.)

Plaintiffs' Preliminary Claim Chart does claim literal infringement of elements of the asserted claims as required by Patent Local Rule 3.1.d. (Document 34-2 at Exhibit 1.) However Plaintiffs' Preliminary Claim Chart makes no mention of equivalents. Patent Local Rule 3.6 does allow for an amendment of Plaintiffs' Infringement Contentions, however to the extent that Plaintiffs know now that they will rely on the doctrine of equivalents as an alternative to literal infringement of the claims asserted in the Preliminary Claim Chart, the Preliminary Claim Chart ought to indicate which claims' elements Plaintiffs currently assert are met by an equivalent.

<u>CONCLUSION</u>

For the above stated reasons, IT IS HEREBY ORDERED:

1. Plaintiffs shall produce to Defendant a Privilege Log in accordance with Federal Rule of Civil Procedure 26(b)(5), pertaining to Plaintiffs' document disclosure obligations under Patent Local Rule 3.2, on or before **November 26, 2007**. The privilege log shall set forth:

    a) the general nature of each allegedly privileged document

    b) the identity of its author, including that person's title and organizational affiliation

    c) the identity and position of each addressee and recipient of each document

    d) the document's present location, and

    e) the specific reason(s) for withholding the document

///

07cv894

Counsel for the parties shall meet and confer on or before **November 30, 2007** to discuss any contentions that Defendant has to the claim of privilege for otherwise discoverable documents described in Plaintiff's privilege log.  If, after meeting and conferring, the parties continue to disagree about whether Plaintiffs have complied with their document disclosure obligations under Patent Local Rule 3.2, Plaintiffs shall lodge their privilege log and the documents described therein, and the parties shall file separate Points & Authorities with the Court, on or before **December 6, 2007**.  If the parties' Points & Authorities reveal privileged information, then they shall file the Points & Authorities in redacted form and simultaneously lodge the Points & Authorities in unredacted form with chambers via e-mail to efile_porter@casd.uscourts.gov.

2.  Plaintiffs shall supplement their Preliminary Claim Chart to indicate the elements which Plaintiffs assert are met by an equivalent, on or before **November 23, 2007**.

3. Counsel for the parties shall meet and confer to prepare a protective order which will protect as confidential documents exchanged in this matter.  The parties shall lodge a drafted protective order with the Court **within ten days of the date of this Order** via e-mail to efile_porter@casd.uscourts.gov.  If, after meeting and conferring, counsel for the parties cannot agree on the form or language of a protective order, they shall jointly contact the Court to schedule a time to appear in chambers to draft a protective order with the assistance of the Court.

IT IS SO ORDERED.


DATED:  November 14, 2007

_____
LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable Dana M. Sabraw

           All parties

07cv894