# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,, <br><br>   Plaintiffs, <br><br> vs. <br><br><br> SIGNET ARMORLITE, INC., <br><br>   Defendant. <br>———————————————————<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR) <br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF STANDING AND (2) DENYING PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND AMEND COMPLAINT AS MOOT** |

This case comes before the Court on Defendant Signet Armorlite's motion to dismiss Plaintiffs' Complaint for lack of standing. Plaintiffs Carl Zeiss Vision International GmbH and Carl Zeiss Vision Inc. filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on December 5, 2008. Eric Weisblatt appeared on behalf of Plaintiffs, and Richard Schnurr appeared on behalf of Defendant. For the reasons discussed below, the Court grants Defendant's motion, and denies Plaintiffs' motion as moot.[1]

---

[1] At oral argument, Defendant's counsel requested a 60-day continuance of all dates in this case to allow the Court time to consider the standing issue and to allow defense counsel additional time to translate certain documents received in discovery. At this time, the Court respectfully denies that request without prejudice. If counsel believe an extension is necessary in light of this order, they

Case 3:07-cv-00894-DMS -POR   Document 201   Filed 12/12/08   Page 2 of 7

# I.

# BACKGROUND

Carl Zeiss Vision International GmbH and Carl Zeiss Vision, Inc. are the named Plaintiffs in this patent infringement case. The patent at issue, United States Patent Number 6,089,713 ("the '713 patent"), issued on July 18, 2000, and lists Carl Zeiss Stiftung as assignee.

On November 22, 2006, the United States Patent and Trademark Office ("PTO") filed a Notice of Assignment of the '713 Patent from Carl Zeiss Stiftung to Carl Zeiss Vision International GmbH. (Decl. of Richard A. Schnurr in Supp. of Mot. to Dismiss ("Schnurr Decl."), Ex. 13 at 174.) That Assignment states Carl Zeiss Stiftung "is the owner of the entire and exclusive right, title and interest in and to United States Patent 6,089,713[.]" (*Id.* at 175.) It is dated November 13, 2006, and signed by Ulrich Hoffman and Claudia Bolsinger.

On May 17, 2007, Plaintiffs filed the present Complaint against Defendant Signet Armorlite, Inc. In the Complaint, Plaintiffs allege "Carl Zeiss Vision International GmbH owns" the '713 patent, and Carl Zeiss Vision, Inc. "holds exclusive rights" under the '713 patent. (Complaint at 1.)

Recently, Defendant discovered facts that call both of these allegations into question.[2] Those facts are as follows:

On April 20, 2004, pursuant to a Demerger and Acquisition Agreement, Carl Zeiss Stiftung's corporate form changed, and it became known as Carl Zeiss AG. Pursuant to that Agreement, the '713 patent was assigned from Carl Zeiss Stiftung to Carl Zeiss AG. That Agreement was signed by Ms. Bolsinger, acting on behalf of Carl Zeiss Stiftung, and Mr. Hoffman, acting on behalf of Carl Zeiss AG.

In February 2005, Carl Zeiss AG executed a Contribution and Assignment Agreement with Carl Zeiss Augenoptik GmbH. Pursuant to that Agreement, the '713 patent was assigned from Carl Zeiss AG to Carl Zeiss Augenoptik GmbH. Mr. Hoffman was a signatory to that Agreement on behalf of Carl Zeiss AG.

---

may submit a joint motion to continue dates, or an *ex parte* motion if the parties cannot agree.

[2] These facts were revealed in Plaintiffs' September 26, 2008 motion to amend the Complaint to add Carl Zeiss Vision GmbH as a Plaintiff. The Court struck that motion from the docket because Plaintiffs did not obtain a hearing date prior to filing the motion.

In March 2005, Carl Zeiss Augenoptik GmbH purportedly changed its name to Carl Zeiss Vision GmbH.

Plaintiffs assert that in March 2006, Carl Zeiss Vision GmbH "orally assigned all right, title, and interest in the '713 patent to Carl Zeiss Vision International GmbH .... Carl Zeiss Vision GmbH retained only certain economic benefits, i.e., income from the '713 patent." (Schnurr Decl., Ex. 2 at 20-21.) Plaintiffs contend this oral assignment is evidenced by two documents. The first is a September 26, 2006 e-mail from Deutsche Bank AG to Dieter Braunger, which states: "Further to your letter of 27 March in respect of transfer of IP from CZ Vision GmbH to CZ International GmbH please be advised that we acknowledge receipt of the notice and give our consent to the request." (*Id.* at 118.) The second document is a September 2006 Addendum to a Cross License Agreement between Seiko Epson Corporation and Carl Zeiss Stiftung ("the Addendum"). (*Id.* at 128.) The original Cross License Agreement was executed on January 1, 2001. (*Id.*) The Addendum states:

> Carl Zeiss Vision GmbH is a successor to Carl Zeiss Stiftung in the consumer optics business and assumes all the rights and obligations under the Agreement and the Addendum. Carl Zeiss Vision International GmbH has taken title to the ['713 patent] and represents and warrants that it has the authority to grant Seiko a fully paid-up and royalty free license stipulated in section 1.1 and 2.2. of the Agreement under the ['713 patent].

(*Id.*)

## II.

## DISCUSSION

In light of the facts set out above, Defendant argues neither Plaintiff had standing to bring this action, and neither has standing to maintain it. Plaintiffs do not appear to dispute that Carl Zeiss Vision, Inc. lacks standing to pursue this case.[3] However, they do dispute the standing of Carl Zeiss Vision International GmbH. Contrary to Defendant's suggestion, Plaintiffs assert the oral assignment of the '713 patent from Carl Zeiss Vision GmbH to Carl Zeiss Vision International GmbH was

---

[3] To the extent Plaintiffs do dispute this issue, the Court finds Plaintiff Carl Zeiss Vision, Inc. is a non-exclusive licensee, and as such it lacks standing to bring or maintain this case. *See Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367-68 (Fed. Cir. 2008), *cert. denied*, No. 08-563, 2008 WL 4734163 (U.S. Dec. 1, 2008), (citations omitted) (stating non-exclusive licensee does not have constitutional standing to bring an infringement suit); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007) (stating non-exclusive licensee suffers no legal injury from infringement, and therefore lacks constitutional standing to bring or join suit).

1  sufficient to confer standing. Nevertheless, Plaintiffs move to modify the scheduling order and to
2  amend their Complaint to add Carl Zeiss Vision GmbH as a Plaintiff in this case. Defendant argues
3  Plaintiffs have not shown good cause to modify the scheduling order, and the relevant factors do not
4  warrant leave to amend the Complaint.

5  As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing their
6  standing in this case. *Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*, 474 F.3d 1281, 1289 (Fed. Cir.
7  2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In patent infringement suits,
8  two categories of plaintiffs will generally have constitutional standing. *Morrow*, 499 F.3d 1332. "The
9  first category includes plaintiffs that hold all legal rights to the patent as the patentee or assignee of
10 all patent rights-the entire bundle of sticks." *Id.* at 1339. The second category consists of exclusive
11 licensees. *Id.* at 1340.

12 In this case, there is no dispute that Plaintiffs are not the patentees of the '713 patent. Rather,
13 Plaintiffs assert that Carl Zeiss Vision International GmbH is either an assignee or exclusive licensee.

14 **A.   Is Carl Zeiss Vision International GmbH an Assignee of the '713 Patent?**

15 To support their assertion that Carl Zeiss Vision International GmbH is an assignee of the '713
16 patent, Plaintiffs rely on the Addendum. The Addendum states:

17 Carl Zeiss Vision GmbH is a successor to Carl Zeiss Stiftung in the consumer optics
   business and assumes all the rights and obligations under the Agreement and the
18 Addendum. Carl Zeiss Vision International GmbH has taken title to the ['713 patent]
   and represents and warrants that it has the authority to grant Seiko a fully paid-up and
19 royalty free license stipulated in section 1.1 and 2.2 of the Agreement under the ['713
   patent].
20

21 (Schnurr Decl., Ex. 2 at 128.) Plaintiffs argue this portion of the Addendum constitutes an assignment
22 of the '713 Patent from Carl Zeiss Vision GmbH to Carl Zeiss Vision International GmbH. Defendant
23 disagrees.

24 The Federal Circuit has stated that "[c]onstruction of patent assignment agreements is a matter
25 of state contract law." *Mars*, 527 F.3d at 1370 (citing *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d
26 1109, 1117 (Fed. Cir. 1996)). New York law applies to the agreement at issue in this case. (*See* Decl.
27 of Dr. Peter D. Vatheuer in Supp. of Pls.' Opp'n to Mot. to Dismiss ("Vatheuer Decl."), Ex. E at 56.)
28 "In New York, '[t]he words and phrases used by the parties must, as in all cases involving contract

interpretation, be given their plain meaning....'" *Mars*, 527 F.3d at 1371 (quoting *Brooke Group Ltd. v. JCH Syndicate 488*, 87 N.Y.2d 530, 640 N.Y.S.2d 479, 663 N.E.2d 635, 638 (1996)).

Here, the Addendum states that "Carl Zeiss Vision International GmbH *has taken* title to the ['713 patent.]" (Schnurr Decl., Ex. 2 at 128) (emphasis added). This language reflects a *prior* transfer of title to Carl Zeiss Vision International GmbH, not a transfer of title upon execution of the Addendum. Under these circumstances, the Addendum is not an assignment. *See Mars*, 527 F.3d at 1371. In *Mars*, the plaintiffs asserted that a confirmation agreement transferred title to the patents in suit from one plaintiff to another. *Id.* In the confirmation agreement, the plaintiffs acknowledged that one plaintiff owned the patents in suit and retained the right to sue for past infringement of those patents. *Id.* However, the Federal Circuit, applying New York law, found this acknowledgment did not constitute a transfer of title. *Id.* Rather, it found the acknowledgment was simply that: an acknowledgment of an earlier agreement, not a transfer of ownership of the patents. *Id.* This Court's analysis of the Addendum in this case is consistent with the reasoning set out in *Mars*, and it leads to a similar conclusion, namely, that the Addendum is not an assignment. Accordingly, Carl Zeiss Vision International GmbH is not an assignee of the '713 patent, and it lacks standing to sue on that basis.

**B.     Is Carl Zeiss Vision International GmbH an Exclusive Licensee of the '713 Patent?**

Having rejected Plaintiffs' assertion that Carl Zeiss Vision International GmbH is not an assignee of the '713 patent, the only remaining issue is whether Carl Zeiss Vision International GmbH is an exclusive licensee of the '713 patent. "An exclusive licensee has standing to sue in its own name, without joining the patent holder, where 'all substantial rights' in the patent are transferred." *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007) (citations omitted). "In such a case, the 'exclusive licensee' is effectively an assignee." *Id.* (citations omitted). Here, Plaintiffs assert that Carl Zeiss Vision GmbH transferred "all substantial rights" in the '713 patent to Carl Zeiss Vision International GmbH in March 2006 by way of an oral agreement. Defendant disputes the existence of this oral agreement, and even assuming its existence, argues it is insufficient to confer standing on Carl Zeiss Vision International GmbH.

To support their claim of an oral agreement, Plaintiffs rely solely on Dr. Vatheuer's Declaration. He states that in March 2006, Carl Zeiss Vision GmbH:

> orally assigned all right, title, and interest in the '713 patent to Carl Zeiss Vision International GmbH, one of the plaintiffs in this action. Carl Zeiss Vision GmbH retained only certain economic benefits, i.e., income from the '713 patent. All other rights in the '713 patent were granted to Carl Zeiss Vision International GmbH, including but not limited to the exclusive right to make, use and sell the invention of the '713 patent and the right in its sole discretion (1) to bring suit, (2) to sue to recover for past damages, (3) to settle infringement claims, and (4) to license or reassign the '713 patent.

(Vatheuer Decl. at ¶ 3.) Notably, Dr. Vatheuer fails to provide a foundation for these statements. (*See* Def.'s Reply to Opp'n to Mot. to Dismiss at 3 n.1.) He states he is "Legal Counsel in charge of the Carl Zeiss Vision Group[,]" (Vatheuer Decl. at ¶ 1), but he does not state he was present when the parties entered into the oral assignment. Nor does he state who was present, and what was specifically said and agreed upon. In the absence of a proper foundation, Dr. Vatheuer's testimony is inadmissible, and without his testimony, there is no evidence of an oral agreement. Absent any evidence, Plaintiffs have failed to show they have standing to pursue this case.

Even assuming Dr. Vatheuer's testimony is admissible, he describes the oral agreement as an assignment. However, patents are only assignable " by an instrument in writing." 35 U.S.C. § 261. In contrast to Dr. Vatheuer's description of the oral agreement, Plaintiffs' counsel refers to the oral agreement as an exclusive license, but regardless of the description, the result is the same. In *Enzo EPA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998), the Federal Circuit held that such licenses, or "virtual" assignments, must also be in writing. *Id.* at 1093.[4] Otherwise, "[p]arties would be free to engage in revisionist history, circumventing the certainty provided by the writing requirement of section 261 by claiming to be patentee by virtue of a verbal licensing arrangement." *Id.* These concerns are readily apparent in this case, and they reinforce the statutory requirement that patent assignments be in writing. Absent a writing in this case, Carl Zeiss Vision International GmbH lacks standing to sue as an exclusive licensee.

---

[4] At oral argument, Plaintiffs' counsel argued that an exclusive license may be oral. The Court does not dispute this general proposition, but *Enzo* makes clear that an exclusive license that transfers "all substantial rights" to the patent, like the one asserted here, must be in writing to confer Article III standing. *Id.*

Absent an assignment or exclusive license of the '713 patent, Carl Zeiss Vision International GmbH lacks standing to pursue this case.

### III.
### CONCLUSION AND ORDER

In light of the above, the Court GRANTS Defendant's motion to dismiss, and dismisses the Complaint without prejudice.[5]  Plaintiffs may file an Amended Complaint that cures the standing deficiencies set out above on or before December 19, 2008.  If Plaintiffs' Amended Complaint does not cure the standing deficiencies, it may be dismissed with prejudice.[6]

**IT IS SO ORDERED.**

**DATED:  December 12, 2008**

*[signature]*

**HON. DANA M. SABRAW**
**United States District Judge**

---

[5] Defendant requests that the Court dismiss the case with prejudice based on Plaintiffs' litigation conduct.  However, Defendant fails to cite any authority that supports this drastic remedy.  Accordingly, the Court declines to dismiss with prejudice.

[6] In light of this ruling, Plaintiffs' motion to modify the scheduling order and amend the Complaint is denied as moot.