# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,, <br><br> Plaintiffs, <br> vs. <br><br> SIGNET ARMORLITE, INC., <br><br> Defendant. <br> ──────────────────────────── <br> AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR) <br><br> **ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART SIGNET'S MOTIONS FOR SANCTIONS** <br><br> **[Docket Nos. 351, 374, 376, 379, 449]** |

Between September 30, 2009, and November 2, 2009, Defendant/Counterclaimant Signet Armorlite ("Signet") filed a series of motions for sanctions with Magistrate Judge Louisa S. Porter. The primary sanction sought through those motions was the dismissal of Plaintiffs' Complaint and entry of their default to the Counterclaim. On January 21, 2010, Judge Porter issued a Report and Recommendation ("R&R"), recommending that the motions be granted in part and denied in part. Specifically, Judge Porter recommended that the Court impose exclusionary and monetary sanctions, but not dismissal sanctions. Signet and Plaintiffs/Counterdefendants Carl Zeiss Vision International GmbH, Carl Zeiss Vision GmbH, Carl Zeiss Vision, Inc., Carl Zeiss Stiftung and Carl Zeiss AG ("Zeiss") each filed objections to the R&R on February 5, 2010, and responses to each others'

objections on February 18, 2010. This Court, having reviewed the R&R *de novo*, adopts the recommendation in full, and orders as follows:

1.     Signet's motion for sanctions on the financial documents [Docket No. 351] is granted in part. Zeiss is precluded from (1) relying on the financial records produced on August 28, 2009 and (2) deriving any damages from the four products identified for the first time on August 28, 2009. The Court also imposes monetary sanctions on Zeiss to include attorneys' fees and costs associated with the filing of the motion.

2.     Signet's motion for sanctions - third party communications [Docket No. 374] is granted in part. Specifically, the Court imposes monetary sanctions on Zeiss to include attorneys' fees and costs associated with the filing of the motion and Signet's efforts to pursue its own discovery with Co-Op, VSP and Satisloh.

3.     Signet's motion for sanctions for spoliation of evidence and other on-going litigation misconduct [Docket No. 376] is granted in part. Specifically, the Court imposes monetary sanctions on Zeiss to include attorneys' fees and costs association with the filing of the motion and the deposition of Mr. Gnatzig.

4.     Signet's motion for order prohibiting Zeiss from using documents produced on October 29, 2009, [Docket No. 379] is granted. Zeiss is precluded from relying on the documents produced on October 29, 2009. The Court also imposes monetary sanctions on Zeiss to include attorneys' fees and costs associated with the filing of the motion.

5.     Signet shall file its brief on attorneys' fees and costs in consultation with Judge Porter's chambers.

**IT IS SO ORDERED.**

DATED: March 1, 2010

HON. DANA M. SABRAW
United States District Judge