# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>        Plaintiffs,<br><br>  vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>        Defendant.<br>_____<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>**[Docket No. 405]**] |

This matter comes before the Court on Plaintiffs' motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Defendant filed an opposition to the motion, and Plaintiffs filed a reply.

"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992) (citing *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1344 (9th Cir. 1988)). In determining whether a claim is frivolous or brought for an improper purpose, the standard is one of objective reasonableness. *See id.* at 1421. "'If, judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time the position is adopted, then sanctions should not be imposed.'" *See id.* (quoting *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). The central purpose of the rule is to deter

baseless filings in district court and streamline administration and procedure of the federal courts. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Ninth Circuit has held: "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *See Operating Engineers*, 859 F.2d at 1345.

Plaintiffs here have not demonstrated that Defendant's conduct was objectively unreasonable. Accordingly, their motion for Rule 11 sanctions is denied.

**IT IS SO ORDERED**.

DATED: March 1, 2010

HON. DANA M. SABRAW
United States District Judge