# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,, <br><br>  Plaintiffs,<br><br> vs. <br><br><br> SIGNET ARMORLITE, INC., <br><br>  Defendant. <br>———————————————— <br> AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR) <br><br> **ORDER (1) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF LITERAL INFRINGEMENT OF CLAIMS 1 AND 6 AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF CLAIMS 1, 5, 6, 7 AND 8 OF THE '713 PATENT** <br><br> **[Docket Nos. 473, 479]** |

This matter comes before the Court on Plaintiffs' motion for summary judgment of literal infringement of claims 1 and 6, and Defendant's motion for summary judgment of noninfringement of claims 1, 5, 6, 7 and 8. The parties have filed opposition and reply briefs for each motion.

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

1   The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'") However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

After reviewing the parties' briefs, the Court finds there are genuine issues of material fact on the issue of infringement. Accordingly, Plaintiffs' motion for summary judgment of literal infringement of claims 1 and 6 is denied, as is Defendant's motion for summary judgment of noninfringement of claims 1, 5, 6, 7 and 8.

**IT IS SO ORDERED**.

DATED: March 29, 2010

_____
HON. DANA M. SABRAW
United States District Judge