1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    CARL ZEISS VISION INTERNATIONAL                    CASE NO. 07cv0894 DMS (POR)
      GMBH and CARL ZEISS VISION INC.,,
12                                                        **ORDER DENYING**
                                           Plaintiffs,    **DEFENDANT'S MOTION FOR**
13          vs.                                           **SUMMARY JUDGMENT OF**
                                                          **INVALIDITY OF CLAIMS 1, 5, 6**
14                                                        **AND 8 UNDER 35 U.S.C. § 102**
                                                          **AND/OR § 103 AS ANTICIPATED**
15    SIGNET ARMORLITE, INC.,                             **AND/OR AS OBVIOUS**

16                                         Defendant.     **[Docket No. 470]**

17    ─────────────────────────────────────

      AND ALL RELATED COUNTERCLAIMS.
18

19          This matter comes before the Court on Signet's motion for summary judgment of invalidity

20    of claims 1, 5, 6, and 8 under 35 U.S.C. § 102 and/or § 103 as anticipated and/or obvious.  The Zeiss

21    parties have filed an opposition and Signet has filed a reply.

22          "Summary judgment is appropriate when no genuine issue of material fact exists and the

23    moving party is entitled to judgment as a matter of law."  *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,

24    430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)).  "A material issue of fact is one

25    that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions

26    of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

27          The moving party has the initial burden of demonstrating that summary judgment is proper.

28    *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  To meet this burden, the moving party must

identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate.  *Id.* at 324.  The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'")  However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Instead, it must designate specific facts showing there is a genuine issue for trial.  *Id.*  More than a "metaphysical doubt" is required to establish a genuine issue of material fact."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To prevail on a motion for summary judgment alleging patent invalidity, the moving party must overcome the statutory presumption that the patent is valid.  *See* 35 U.S.C. § 282; *IPXL*, 430 F.3d at 1381.  This is not an easy task.  Indeed, the moving party can only overcome the presumption with "clear and convincing evidence" of patent invalidity.  *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (internal citation omitted).  Consistent with the burden-shifting procedure for summary judgment, if the moving party, or challenger,

> provides evidence sufficient to establish a prima facie showing on an issue, the burden of production of evidence shifts to the patent owner.  If the patent owner provides some contradictory evidence, then the trier of fact must resolve the conflict with the challenger, as noted, bearing the burden of persuasion by clear and convincing evidence.

1 Donald S. Chisum, Chisum on Patents § 3.04[1][b][v] (2005).

Here, Defendant asserts claims 1, 5, 6 and 8 of the '713 Patent are invalid as anticipated and obvious.  "Anticipation under 35 U.S.C. § 102 means lack of novelty, and is a question of fact." *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001).  Determining whether a claim is anticipated involves two steps: (1) construing the claims, and (2) comparing the properly construed claims to the prior art.  *In re Cruciferous Sprout Litigation*, 301 F.3d 1343, 1346 (Fed. Cir. 2002) (citations

omitted).  *See also* 1 Chisum, *supra*, § 3.02[1][g] (quoting *Key Pharmaceuticals, Inc. v. Hercon Labs. Corp.*, 161 F.3d 709 (Fed. Cir. 1998)) ("'First is construing the claim, a question of law for the court, followed by . . . a comparison of the construed claim to the prior art.'")  "To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim."  *Brown*, 265 F.3d at 1351 (citations omitted).  *See also IPXL*, 430 F.3d at 1381 (quoting *Bristol-Myers Squibb Co. v. Ben Venue Labs, Inc.*, 246 F.3d 1368, 1373 (Fed. Cir. 2001)) (same). This is the same test for determining infringement, *i.e.*, "'[t]hat which infringes if later anticipates if earlier.'"  *Brown*, 265 F.3d at 1351 (quoting *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986)).

Based on this Court's review of the briefs and evidence submitted in support thereof, there is a genuine issue of material fact about whether claims 1, 5, 6 and 8 of the '713 Patent are invalid as anticipated or obvious.  Accordingly, Defendant's motion for summary judgment on these issues is denied.

**IT IS SO ORDERED**.

DATED:  March 29, 2010

_____
HON. DANA M. SABRAW
United States District Judge

- 3 -

07cv0894