RICHARD A. SCHNURR ARDC No. 6181372 (pro hac vice)
Email: Richard.Schnurr@Icemiller.com
BRIAN J. LUM ARDC No. 6256315 (pro hac vice)
Email: Brian.Lum@Icemiller.com
**ICE MILLER LLP**
200 West Madison Street, Suite 3500
Chicago, Illinois 60606
(312) 726-1567; (312) 726-7102 fax

JOHN C. WYNNE (Bar No. 83041)
Email: wynne@dsmwlaw.com
DOUGLAS W. LYTLE (Bar No. 178315)
Email: lytle@dsmwlaw.com
KEVIN L. WHEELER (Bar No. 207662)
Email: wheeler@dsmwlaw.com
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant/Counterclaim-Plaintiff
SIGNET, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS INTERNATIONAL GMBH and CARL ZEISS VISION INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNET ARMORLITE, INC.,<br><br>Defendant. | CASE NO.: 07-CV-0894 DMS (POR)<br>[Related Case No. 09-CV-0657]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION FOR ORDER GRANTING LEAVE TO FILE UNDER SEAL SIGNET ARMORLITE'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF/CROSS-DEFENDANTS' EXPERT WITNESSES TESTIMONY BASED UPON LATE-PRODUCED DOCUMENTS/ISSUES PREVIOUSLY EXCLUDED BY THE COURT, OR MATTERS BEYOND THE SCOPE OF THEIR EXPERT REPORTS; DECLARATION OF KEVIN L. WHEELER**<br><br>DEPT.: 10<br>JUDGE: Hon. Dana M. Sabraw |
| AND RELATED COUNTERCLAIMS. | Action Filed: May 17, 2007 (07 CV 0894)<br>April 1, 2009 (09 CV 0657)<br>Trial Date: May 17, 2010 |

Defendant/Counterclaim-Plaintiff SIGNET, INC. ("Signet") hereby submits the following memorandum of points and authorities in support of its *Ex Parte* Application For Order Granting Leave To File Under Seal Signet Armorlite's Motion In Limine To Exclude Plaintiff/Cross-Defendants' Expert Witnesses Testimony Based Upon Late-Produced Documents Documents/Issues Previously Excluded By The Court, Or Matters Beyond The Scope Of Their Expert Reports.

Signet seeks an order permitting the filing of the following document under seal, or as otherwise ordered by the Court:

- Signet Armorlite's Motion In Limine To Exclude Plaintiff/Cross-Defendants' Expert Witnesses Testimony Based Upon Late-Produced Documents Documents/Issues Previously Excluded By The Court, Or Matters Beyond The Scope Of Their Expert Reports (The "Motion").

The Motion has been conditionally lodged with the Court in a sealed and properly marked envelope, concurrent with the electronic filing of this *ex parte* motion.

## I. INTRODUCTION

On June 10, 2009, the Court entered a "Stipulated Protective Order Regarding Confidential Information Superseding May 28, 2008 Protective Order" ("Protective Order") in this action. The Protective Order is located at Docket No. 317 and was signed by Magistrate Judge Porter on June 3, 2009. In accordance with the terms of the Protective Order, any party wishing to file material designated as "Confidential" or "Confidential – for Counsel Only" with the Court must file a motion to seal with a proposed order. (Protective Order, Dock. # 317, p. 2-3, ¶ 4). The Protective Order also requires that where a brief or declaration contains both Designated Material and undesignated material, the entire document is to be filed under seal for the convenience of the Court and the parties. (Protective Order, Dock. # 317, p. 2-3, ¶ 4).

The Motion references information and documents that are protected from disclosure by the attorney/client privilege and are deemed "Confidential" and/or "Confidential – for Attorneys Only" pursuant to the Protective Order. (Declaration of Kevin L. Wheeler, ¶ 4.)

Because the Protective Order entered in this action requires that parties wishing to file "Designated Materials" must bring a motion to seal with a proposed order, Signet brings this *ex parte* motion in accordance with its obligations under the Protective Order. The referenced documents and information at issue have been designated as "Confidential" and/or "Confidential – for Attorneys Only" by the Zeiss plaintiffs. The documents and information are the subject of substantial discussion in the lodged Motion. The document has not been filed - electronically or otherwise – pending the outcome of this *ex parte* motion.

Signet contends, in light of the parties' Protective Order and in accordance with the nature of the material designated "Confidential" and/or "Confidential – for Attorneys Only" there exists good cause for granting this *ex parte* motion, and ordering the filing of the conditionally lodged document under seal.

## II. ARGUMENT

Although it is normally the case that the public has the right to inspect and copy court documents every court has inherent supervisory power over its own records and files. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). Thus, even where a right of public access exists, public access may be denied where the court determines that court-filed documents may be used for improper purposes – e.g. "to gratify private spite or promote public scandal" or to circulate libelous statements or release trade secrets. *Nixon, supra;* see also. *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433-1434 (9th Cir. 1995).

Here, the parties stipulated to the Protective Order that was entered by the Court. In the first instance, Signet contends that the protective order approved by the court is a sufficient showing of good cause to justify the filing of the lodged document under seal. The parties' agreement states in pertinent part:

> The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practicable during the litigation....

(Protective Order, Dock. # 317, p. 1).

The Motion refers to information and documents that are protected from disclosure by the attorney-client privilege and should not be released to the public. Instead, the material and information in the lodged document should be used for the limited purpose of ruling on Signet Armorlite's subject motion in limine. (Wheeler Decl., ¶ 4-5.)

If the discussion of Designated Materials contained in the lodged Motion were made part of the public record, then the parties' Protective Order would be rendered ineffectual in this instance, and sensitive attorney-client information would be disclosed and available for public viewing and copying.

To obtain a sealing order, parties must provide: (1) a specific description of the particular documents or categories of documents that they seek to protect; and (2) affidavits or declarations showing "good cause" to protect those documents from disclosure to others. *Pansy v. Borrough of Stroudsburg,* 23 F. 3d 772, 776 (3rd Cir. 1994). Here, the protective order describes the type of information to be protected – i.e. attorney-client information. In addition, the lodged document includes a cover sheet that specifically identifies the material within the document that would be protected from disclosure by a sealing order in this case. A true and correct copy of the notice attached to the conditionally lodged document is attached to this declaration as Exhibit A. That document is titled: "Documents Conditionally Lodged with the Court – in Chambers – and Subject to *Ex Parte* Motion to File Pursuant to Protective Order." (Wheeler Decl., ¶ 6.)

As set forth above, and within the accompanying declaration of Kevin L. Wheeler, good cause exists to file the conditionally lodged document under seal. Specifically, Signet is required by the Protective Order to file this application seeking the filing of the lodged document under seal. Unless an order allowing the filing of the document is issued, Signet will be unfairly prevented from filing all of its evidence and argument in this case. (Wheeler Decl., ¶ 7.)

Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. Any protective order must be narrowly drawn to reflect that balance. The order must state that any

member of the public has the right to challenge the sealing of any particular document. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F. 3d 943, 944-945 (7th Cir. 1999).

In light of the nature of this application, it is anticipated that Zeiss will not oppose the filing of the lodged document under seal. (Wheeler Decl., ¶ 10.) If, after review, the court deems there to be an insufficient showing for filing the lodged document under seal then, in the alternative, Signet asks that the court either: (1) grant leave to file the lodged document without the benefit of a sealing order; or (2) grant leave to file the lodged document in whatever manner the court deems fit under the circumstances.

## III. CONCLUSION

For the reasons set forth above, Signet respectfully requests an *ex parte* order granting Signet leave to file the concurrently lodged document under seal, or in redacted format, or in whatever other manner is deemed to be consistent with the court's balancing of public and private interests. A proposed order granting this motion has been served together with this application.

DATED: April 16, 2010

DUCKOR SPRADLING METZGE & WYNNE
A Law Corporation

By: /s/ Kevin L. Wheeler
JOHN C. WYNNE
KEVIN L. WHEELER
Attorneys for Defendant
SIGNET, INC.

**DECLARATION OF KEVIN L. WHEELER**

I, KEVIN L. WHEELER, declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California. I am a shareholder in Duckor Spradling Metzger & Wynne, A Law Corporation, counsel of record for SIGNET, INC., ("Signet") defendant and counterclaimant in the above-referenced action. I offer the following declaration testimony in support of Signet's *ex parte* application for an order granting leave to file the document lodged conditionally under seal.

2. The "Stipulated Protective Order Regarding Confidential Information" ("Protective Order") entered by the Court on June 10, 2009 is located at Docket No. 317.

3. In accord with the terms of the Protective Order, any party wishing to file material designated as "Confidential" or "Confidential – for Counsel Only" with the Court must file a motion to seal with a proposed order. (Protective Order, Dock. # 317, p. 2-3, 4). The Protective Order also requires that where a brief or declaration contains both Designated Material and undesignated material, the entire document is to be filed under seal for the convenience of the Court and the parties. (Protective Order, Dock. #317, p. 2-3, 4).

4. The Motion references information and documents that are protected from disclosure by the attorney/client privilege and are deemed "Confidential" and/or "Confidential – for Attorneys Only" pursuant to the Protective Order.

5. Because the Protective Order entered in this action requires that parties wishing to file "Designated Materials" must bring a motion to seal with a proposed order, Signet brings this *ex parte* motion in accordance with its obligations under the Protective Order, and in an abundance of caution. The Motion refers to information and documents that are protected from disclosure by the attorney-client privilege and should not be released to the public. Instead, the material and information in the lodged document should be used for the limited purpose of ruling on the subject motion in limine.

6. The Motion has been designated as "Confidential" and/or "Confidential – for Attorneys Only" by Signet Armorlite since it references and contains privileged materials

consisting of documents produced by Zeiss that are labeled "Confidential-For Counsel Only." The document has not been filed - electronically or otherwise – pending the outcome of this *ex parte* motion. Rather, the document has been lodged with the Court in an envelope with a cover sheet that specifically identifies the material within the document that would be protected from disclosure by a sealing order in this case. A true and correct copy of the notice attached to the conditionally lodged document is attached to this declaration as Exhibit A. That document is titled: "Documents Conditionally Lodged with the Court – in Chambers – and Subject to *Ex Parte* Motion to File Pursuant to Protective Order."

7. Signet contends, in light of the parties' Protective Order and in accordance with the nature of the Motion, which is designated "Confidential" and/or "Confidential – for Attorneys Only," there exists good cause for granting this *ex parte* motion, and ordering the filing of the conditionally lodged document under seal. A sealing order will give full effect to the parties' intention (and the Court's Protective Order) to keep such information confidential. Absent an order granting leave to file the document under seal, the record related to this motion will be incomplete and insufficient for purposes of reconsideration or review. In the interests of allowing Signet to present all its evidence and argument, the filing of the document under seal must be allowed.

8. If, in the alternative, the Court finds there is an insufficient basis for supporting the filing of the document under seal, then Signet respectfully requests, in the alternative, an order directing the filing of the document in a redacted form that the Court deems sufficient, or in the alternative, the public filing of the document.

9. Notice of this *ex parte* application shall be provided to counsel for plaintiff and counterclaim defendants by way of the electronic filing procedures of the District Court. True and correct copies of the conditionally lodged document shall be provided to counsel for Zeiss by way of overnight mail and/or E-mail.

10. In light of the nature of this *ex parte* motion, I do not anticipate opposition to the request to file the document under seal. However, Zeiss and its attorneys may wish to

supplement this application with additional argument supporting its designation of material as "Confidential" and/or "Confidential – for Attorneys Only" and/or good cause for filing the document under seal.

11. This *ex parte* motion was prepared promptly upon learning of its necessity. This *ex parte* application is filed and served in good faith. It has not been filed for any improper purpose. It has not been brought to harass or annoy any party, nor is it brought to cause delay in these proceedings.

I declare under penalty of perjury under the laws of the State of California, and under the laws of the United States, that the foregoing is true and correct.

Dated: April 16, 2010

/s/ Kevin L. Wheeler
Kevin L. Wheeler

RICHARD A. SCHNURR ARDC No. 6181372
(admitted pro hac vice)
Email: Richard.Schnurr@Icemiller.com
BRIAN J. LUM ARDC No. 6256315
(admitted pro hac vice)
Email: Brian.Lum@Icemiller.com
**ICE MILLER LLP**
200 West Madison Street, Suite 3500
Chicago, Illinois 60606
(312) 726-1567; (312) 726-7102 fax

JOHN C. WYNNE (Bar No. 83041)
Email: wynne@dsmwlaw.com
DOUGLAS W. LYTLE (Bar No. 178315)
Email: lytle@dsmwlaw.com
KEVIN L. WHEELER (Bar No. 207662)
Email: wheeler@dsmwlaw.com
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Defendant/Counterclaim-Plaintiff
SIGNET, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS INTERNATIONAL GMBH and CARL ZEISS VISION INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNET ARMORLITE, INC.,<br><br>Defendant. | CASE NO.: 07-CV-0894 DMS (POR)<br>[Related Case No. 09-CV-0657]<br><br>**DOCUMENTS CONDITIONALLY LODGED WITH THE COURT - IN CHAMBERS - AND SUBJECT TO *EX PARTE* MOTION TO FILE PURSUANT TO PROTECTIVE ORDER**<br><br>Action Filed: May 17, 2007 (07 CV 0894)<br>April 1, 2009 (09 CV 0657)<br>Trial Date: April 26, 2010<br><br>**[DOCUMENTS FILED UNDER SEAL]** |
| AND RELATED COUNTERCLAIMS. | |



DUCKOR SPRADLING METZGER & WYNNE

Exhibit A, page 1

**TO THE PARTIES, THEIR ATTORNEYS, COURT STAFF AND ALL OTHERS, PLEASE TAKE NOTICE THAT:** Pursuant to the parties Stipulated Protective Order Regarding Confidential Information ("Protective Order") entered on June 10, 2009, SIGNET ARMORLITE, INC., ("Signet") gives notice that:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

Specifically, the attached envelope holds the following documents that contain, in excerpts, quotes or paraphrases, both Designated Material and undesignated material and are subject to a motion to file under seal pursuant to the terms of the parties' Protective Order. In accordance with the parties' agreement, these documents must be filed under seal in their entirety for the convenience of the parties and the Court. (See Protective Order at p. 3, ¶ 4, ll. 24-27)

## I. SIGNET ARMORLITE'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF/CROSS-DEFENDANTS' EXPERT WITNESSES TESTIMONY BASED UPON LATE-PRODUCED DOCUMENTS DOCUMENTS/ISSUES PREVIOUSLY EXCLUDED BY THE COURT, OR MATTERS BEYOND THE SCOPE OF THEIR EXPERT REPORTS.

The attached envelope contains Signet Armorlite's Motion In Limine To Exclude Plaintiff/Cross-Defendants' Expert Witnesses Testimony Based Upon Late-Produced Documents Documents/Issues Previously Excluded By The Court, Or Matters Beyond The Scope Of Their Expert Reports. The references to confidential and privileged information are throughout the entire document and, therefore, the entire document is being lodged under seal.

DATED: April 16, 2010

DUCKOR SPRADLING METZGER & WYNNE
A Law Corporation

By: /s/ Kevin L. Wheeler
KEVIN L. WHEELER
Attorneys for Defendant/Counterclaim-Plaintiff
SIGNET, INC.