1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | CARL ZEISS VISION INTERNATIONAL                CASE NO. 07cv0894 DMS (POR)
   | GMBH and CARL ZEISS VISION INC.,

12 |                                                **ORDER GRANTING IN PART**
   |                                  Plaintiffs,   **AND DENYING IN PART**
13 |        vs.                                     **PLAINTIFF'S MOTION FOR**
   |                                                **RECONSIDERATION**
14 | SIGNET ARMORLITE, INC.,

15 |                                                **[Docket No. 665]**
   |                                  Defendant.
16 | _____

17 | AND ALL RELATED COUNTERCLAIMS.

18

19          This case comes before the Court on Plaintiff's motion for reconsideration of this Court's

20  March 1, 2010 Order adopting the Magistrate Judge's Report and Recommendation ("R&R") on

21  Defendant's motions for sanctions, specifically, those portions of the Order precluding Plaintiff from

22  introducing certain financial and product documents, and the March 31, 2009 Declaration of Karen

23  Roberts.  Defendant filed an opposition to the motion, and Plaintiff filed a reply.  The motion came

24  on for hearing on April 16, 2010.  Eric Weisblatt, John Leathers and Susan Yohe appeared and argued

25  for Plaintiff, and Richard Schnurr appeared and argued for Defendant.

26          "Reconsideration is appropriate if the district court (1) is presented with newly discovered

27  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

28  intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS,*

                                        - 1 -                                    07cv0894

1  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Here, Plaintiff argues the Court should grant the present

2  motion in light of newly discovered evidence and because the original order will result in manifest

3  injustice.

4  As to the preclusion sanctions, the Court denies Plaintiff's motion.  The newly discovered

5  evidence does not justify Plaintiff's counsel's failure to produce the financial and product documents

6  in a more timely manner, nor has Plaintiff demonstrated that preclusion of this evidence will result

7  in manifest injustice.

8  The only other aspect of the Court's Order that is subject to reconsideration is that portion

9  adopting the Magistrate Judge's finding that Plaintiff filed a false declaration.  As set out in the R&R,

10  Defendant served its first set of requests for production of documents on October 5, 2007.  After

11  Defendant filed a motion to compel production of documents responsive to those requests, the

12  Magistrate Judge ordered Plaintiff to conduct a due diligence search for the documents and state in

13  a verified pleading that all such documents had been produced.  The Magistrate Judge repeated that

14  request in a subsequent order.  Thereafter, Karen Roberts, the Director of New Business and Freeform

15  Optics of Carl Zeiss Vision Australia Holdings, Ltd., filed a declaration in which she stated: "To the

16  best of my knowledge, all copies and any duplicate in any form responsive to Signet Armorlite's

17  requests have been printed and previously produced."  (March 31, 2009 Decl. of Karen Roberts at ¶

18  6.)  In reviewing Defendant's motions for sanctions, the Magistrate Judge found that statement to be

19  false, and in adopting the R&R, this Court implicitly adopted that finding as its own.

20  The newly discovered evidence reveals that Ms. Roberts' declaration was false through no

21  fault of her own, but rather, was the result of her trial counsel's conduct, Mr. Weisblatt.  That evidence

22  came to light after an investigation was conducted by Plaintiff's other counsel into the circumstances

23  that resulted in the recent imposition of sanctions.  The evidence reveals that Ms. Roberts forwarded

24  an eight megabyte "zip file" to Mr. Weisblatt in December 2008, but counsel failed to process those

25  documents and failed to produce any of them to Defendant.  Ms. Roberts provided updated

26  information to Mr. Weisblatt on two subsequent occasions, and also provided updated information to

27  another attorney, George Hovanec, each time with the same result: counsel failed to process the

28  documents and did not produce any of them to Defendant.  When Ms. Roberts filed her declaration,

1  she did not know that these documents had not been produced.  Indeed, in reliance on her counsel, she

2  believed the documents in question had been produced, and she so stated in her declaration.

3      In light of this newly discovered evidence, this Court grants Plaintiff's motion to reconsider

4  its previous Order to the extent it found Ms. Roberts filed an intentionally false declaration with the

5  Court.  She did not.  On reconsideration, the Court finds that declaration was false through no fault

6  of Ms. Roberts, but rather was the result of her trial counsel's conduct.  Accordingly, the Court hereby

7  amends its March 1, 2010 Order adopting the Magistrate Judge's R&R to exclude the finding that Ms.

8  Roberts filed a false declaration.  That finding has been rebutted by the newly discovered evidence

9  presented in conjunction with this motion, and is no longer part of the record of this Court.

10     **IT IS SO ORDERED**.

11  DATED:  April 21, 2010

12

13     HON. DANA M. SABRAW
       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28