UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH; CARL ZEISS VISION INC, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNET ARMORLITE INC, <br><br> Defendant. | Civil No.   07-cv-0894-DMS (POR) <br><br> **ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> **[Doc. 623]** |

On October 2, 2009, the parties filed a Joint Discovery Motion in which Signet sought production of four distinct categories of documents. [Doc. 403.] In part, Signet requested production of the documents listed in Zeiss's privilege logs that "do not include an attorney as a recipient or author." Id. at 10. The Court and parties now refer to these documents as **"Category III documents."**

In its Order of December 1, 2009, the Court denied Signet's motion to compel production of the Category III documents as follows:

> In its brief, Zeiss states that "the entries involving non-lawyer individuals were communications made by Sola and Zeiss employees meeting at the direction of corporate superiors and legal counsel to secure information necessary to provide[sic] legal advice from counsel." (Zeiss Br. at 8.) However, Zeiss provides no support for this statement. Accordingly, the Court hereby ORDERS Zeiss to file a verified pleading clarifying the nature and purpose of the communications on or before **December 16, 2009**. Based on the Zeiss's representations, the Court DENIES Signet's request for production WITHOUT PREJUDICE to resubmit the request after Zeiss's verified pleading has been received.

[Doc. 408 at 9-10.] On December 16, 2009, Zeiss filed its verified pleading, which is a declaration

by Karen Roberts, Zeiss's Rule 30(b)(6) representative, that all Category III documents involve communications made by non-lawyers at the direction of senior management or legal counsel for the purpose of obtaining legal advice. [Doc. 434.] On January 19, 2010, Signet objected to the verified pleading [Doc. 447] and resubmitted its motion to compel production of the Category III documents [Doc. 623]. In the motion, Signet argues that the verified pleading "lacks foundation since it is not based on the personal knowledge of the declarant" and includes "vague and ambiguous alternative positions as to the nature and content of a large group [of communications]." [Doc. 623 at 1.] On January 27, 2010, Zeiss filed an opposition to Signet's motion. [Doc. 624.]

After reviewing the verified pleading, the Court finds that Zeiss has complied with the Court's Order of December 1, 2009. In the verified pleading, "based on [her] personal knowledge," Karen Roberts identifies specific individuals who were "directed by senior management to identify patent opportunities and/or areas of interest in their respective areas of expertise, for the purpose of obtaining legal advice from counsel." [Doc. 434 at ¶¶ 5, 8.] Ms. Roberts then classifies the Category III documents into the following subgroups: (1) requests for information to enable counsel to render legal advice (or documents actually forwarded to attorneys to provide legal advice); (2) communication of legal advice to managers and senior scientists; (3) exchange of legal advice under the direction of senior management; (4) information sent to Sola's Australian legal counsel to provide legal advice; (5) presentation of legal advice to executive management; and (6) information regarding Kaiser Permanente forwarded to U.S. legal counsel to enable counsel to provide legal advice. Id. at ¶ 6.

Ms. Roberts is Zeiss's Rule 30(b)(6) representative, and accordingly, her declaration constitutes a sworn statement of Zeiss. Furthermore, Signet has not provided sufficient information, or identified significant inconsistencies between Zeiss's statements, to undermine the integrity of the verified pleading. Thus, the Court finds that the Category III documents contain communications

//
//
//
//

1 | made "at the direction of corporate superiors in order to secure legal advice from counsel." <u>Upjohn</u>
2 | <u>Company v. United States</u>, 449 U.S. 383, 394 (1981). As a result, the communications are protected
3 | by the attorney-client privilege, and the Court hereby DENIES Signet's renewed motion to compel
4 | production of the Category III documents.
5 |     IT IS SO ORDERED.
6 |
7 | DATED: April 22, 2010
8 |
9 |                                              LOUISA S PORTER
                                             United States Magistrate Judge
10 |
11 | cc         The Honorable Dana M. Sabraw
           All parties