UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH; CARL ZEISS VISION INC,<br><br>                              Plaintiffs,<br><br>          v.<br><br>SIGNET ARMORLITE INC,<br><br>                              Defendant. | Civil No.   07-cv-0894-DMS (POR)<br><br>**ORDER GRANTING SIGNET'S PETITION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[Doc. 649]** |

On March 1, 2010, the Honorable Dana M. Sabraw issued an Order Adopting Magistrate Judge's Report and Recommendation and Granting in Part and Denying in Part Signet's Motions for Sanctions. [Doc. 583.] Specifically, Judge Sabraw imposed the following monetary sanctions against Zeiss: (1) attorneys' fees and costs associated with the filing of Signet's motion for sanctions re: financial documents [Doc. 351]; (2) attorneys' fees and costs associated with the filing of Signet's motion for sanctions re: third party communications [Doc. 374] and Signet's efforts to pursue discovery with Co-Op, VSP, and Satisloh; (3) attorneys' fees and costs associated with the filing of Signet's motion for sanctions for spoliation of evidence [Doc. 376] and the deposition of Mr. Gnatzig; and (4) attorneys' fees and costs associated with the filing of Signet's motion for sanctions for ongoing misconduct [Doc. 379]. On March 26, 2010, Signet filed a Petition for Attorneys' Fees and Costs, requesting a sum of fees and costs in the amount of $244,169.82. [Doc. 649.] The Court issued a briefing schedule on Signet's Petition [Doc. 668], but Zeiss did not file an Opposition. The briefing deadlines have passed, and the Petition is ripe for adjudication.

# I. DISCUSSION

The amount of the sanction award must be reasonable. See In re Yagman, 796 F.2d 1165, 1184 (9th Cir. 1986). With respect to attorneys' fees awarded as a result of discovery violations, courts generally apply the "lodestar" method to calculate the proper fee amounts. See, e.g., Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D.Cal. 2008); Global Ampersand, LLC v. Crown Engineering and Const., Inc., 261 F.R.D. 495, 502 (E.D. Cal. 2009). Under the lodestar method, a court "multipl[ies] the number of hours reasonably expended on the litigation by a reasonable hourly rate" to determine the "lodestar amount." Van Gerwen v. Guarantee Mut. Life Co, 214 F.3d 1041, 1045 (9th Cir. 2000). This "lodestar amount is presumptively the reasonable fee amount. . . ." Id.

### A. Reasonable Number of Hours

The Court has thoroughly reviewed counsel's billing records and finds that the submitted hours of work are reasonable. In particular, Signet submits annotated versions of the attorneys' billing invoices, which assign a category for each relevant line item of work performed. Furthermore, each category falls squarely within the scope of sanctions identified by the Court in its Order of March 1, 2010. Based thereon, and in light of no objection filed by Zeiss, the Court finds that the submitted hours were reasonably expended on the matters subject to sanctions.

### B. Reasonable Hourly Rate

The Court notes that the hourly billing rates submitted by Signet are the same rates that the Court approved as reasonable in its Order of September 16, 2009. [Doc. 345](awarding fees and costs as a sanction for litigation misconduct). Furthermore, Zeiss has not presented evidence or argument to indicate that these rates are no longer reasonable. Thus, the Court finds that the hourly rates are reasonable for the reasons enumerated in the Order of September 16, 2009.

These hourly rates, when multiplied by the hours worked, yield an award of reasonable attorney's fees in the amount of **$236,815.50**.

### C. Costs

In addition to attorney's fees, Defendant requests costs in the amount of **$7,354.32**. Specifically, in a declaration, Signet's counsel states that the costs relate to "filing and transcript

fees in connection with the sanctions motions and related issues, subpoenas served upon [sic] Co-Op Optical and VSP, deposition transcripts of Co-Op Optical and VSP, and travel expenses relating to those depositions." (Wynne Decl. at ¶ 13.) Based on this statement, and the lack of an objection by Zeiss, the Court finds that the amount of costs sought by Signet is reasonable.

## II.  CONCLUSION

In light of the foregoing, the Court GRANTS Signet's Petition for Attorneys' Fees and Costs. [Doc. 649.] Zeiss shall pay to Signet **$236,815.50** in reasonable attorneys' fees, and **$7,354.32** in costs, on or before **May 28, 2010**.

**IT IS SO ORDERED.**

DATED: April 26, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Dana M. Sabraw
        All parties