# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC., Plaintiffs, vs. SIGNET ARMORLITE, INC., Defendant. AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR) **ORDER ON MOTIONS *IN LIMINE*** |

The parties' motions *in limine* came on for hearing on May 7, 2010. Eric Weisblatt, Susan Yohe and Samuel Braver appeared and argued on behalf of Plaintiff, and Richard Schnurr, Brian Lum, John Wynne, Kevin Wheeler and Douglas Lytle appeared and argued on behalf of Defendant. After thoroughly reviewing the parties' briefs and hearing oral argument, the Court issues the following rulings:

1. Plaintiff's motion *in limine* number 1 is granted in part and denied in part. Specifically, the motion is granted as to factual findings of the European Patent Office, and denied as to admissions fairly attributable to Plaintiff.

2. Plaintiff's motion *in limine* number 2 is denied.

3. Plaintiff's motion *in limine* number 3 is denied.

4. Plaintiff's motion *in limine* number 4 is denied.

5. Plaintiff's motion *in limine* number 5 is denied.

6. Plaintiff's motion *in limine* number 6 is granted in part and denied in part. Specifically, the motion is granted as to factual findings of the arbitration proceedings, and denied as to admissions fairly attributable to Plaintiff.

7. Plaintiff's motion *in limine* number 7 is granted in part and denied in part. Specifically, the motion is granted as to discovery orders, and denied as to the orders on standing. In addition, the Court reminds counsel that settlement discussions are inadmissible pursuant to Federal Rule of Evidence 408.

8. Plaintiff's motion *in limine* number 8 is denied.

9. Plaintiff's motion *in limine* number 9 is denied.

10. Plaintiff's motion *in limine* number 10 is denied.

11. Plaintiff's motion *in limine* number 11 is denied.

12. Defendant's motion *in limine* to exclude Zeiss's expert witnesses testimony based upon late-produced documents, documents/issues previously excluded by the Court or matters beyond the scope of their expert reports is denied. Signet's experts may opine on the recently identified patents, and they may be examined by Zeiss on any such opinions at their depositions scheduled for later this week.

13. Defendant's motion *in limine* to preclude and limit testimony and evidence by Plaintiff and damages expert John Jarosz concerning reasonably royalty damage is denied as to the Patent & Technology Agreements and Manufacturing & Distribution Agreements, granted as to the doubling of the reasonable royalty rate, and denied as moot as to excluded documents and issues.

14. Defendant's motion *in limine* to preclude evidence, argument, references or testimony of Zeiss counsel, witnesses and damages expert John C. Jarosz regarding lost profits - licensing fees and for an order limiting damages to proof of reasonably royalty is granted.

15. Defendant's motion *in limine* to preclude Zeiss from contesting the substantive involvement of persons listed on the privilege log is denied.

16. Defendant's motion *in limine* to exclude witnesses from the courtroom during trial prior to their testimony is granted, with the exception of the parties' designated corporate representatives, including Ms. Roberts.

17. Defendant's motion *in limine* to clear the courtroom during testimony regarding confidential financial matters is denied without prejudice. The Court will proceed on this issue according to Zeiss's proposal, and as set forth by the Court at the hearing on the motions *in limine*.

18. Defendant's motion *in limine* to exclude matters not in controversy regarding SVS Vision and Sight Systems of the Carolinas is denied.

19. Defendant's motion *in limine* for an order establishing Noerr-Pennington immunity does not apply due to Zeiss's fraud and misrepresentations to the Court and lack of standing is denied.

20. Defendant's motion *in limine* to prevent Zeiss from asserting a date of invention of the '713 Patent that is earlier than January 16, 1997, is denied as moot.

21. Defendant's motion *in limine* that Essilor not be joined as a party is denied as moot.

**IT IS SO ORDERED**.

DATED: May 10, 2010

_____
HON. DANA M. SABRAW
United States District Judge