# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,, | CASE NO. 07cv0894 DMS (POR) |
|---|---|
| Plaintiffs, vs. SIGNET ARMORLITE, INC., Defendant. _____ AND ALL RELATED COUNTERCLAIMS. | **ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE CLAIMS OF THE '713 PATENT ARE NOT INVALID DUE TO IMPROPER INVENTORSHIP**<br><br>**[Docket No. 884]** |

This case comes before the Court on Plaintiff's motion for judgment as a matter of law that the claims of the '713 Patent are not invalid due to improper inventorship. Defendant has filed an opposition to the motion, and Plaintiff has filed a reply. For the reasons set out below, the Court grants the motion.

## I.

## DISCUSSION

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

1        (A) resolve the issue against the party; and

2        (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a
3        favorable finding on that issue.

4 Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the

5 evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*,

6 548 F.3d 1197, 1205 (9th Cir. 2008), *cert. denied by Roberts v. Torres*, ___ U.S. ___, 129 S.Ct. 1995

7 (2009), (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for

8 a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-

9 moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)).

10 When considering a motion for judgment as a matter of law, the court must view the evidence "'in the

11 light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of

12 that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir.

13 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.*

14 at 1206 (quoting *LaLonde*, 204 F.3d at 959).

15       Here, Defendant cites three pieces of evidence to support its argument that Plaintiff is not

16 entitled to judgment as a matter of law on its inventorship defense: (1) The deposition testimony of

17 Helmut Wietschorke, (2) the '713 Patent, and (3) United States Patent Number 6,709,106, which

18 names Mr. Wietschorke as an inventor. However, none of this evidence, taken alone or together,

19 satisfies Defendant's burden of proof. To prove that a patent is invalid for improper inventorship,

20 Defendant must provide "clear and convincing proof that the alleged unnamed inventor was in fact

21 a co-inventor." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998). None of the evidence

22 cited above, even when construed in Defendant's favor, meets that standard. Accordingly, Plaintiff's

23 motion for judgment as a matter of law is granted.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

- 2 -

07cv0894

## II.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court grants Plaintiff's motion for judgment as a matter of law that the claims of the '713 Patent are not invalid due to improper inventorship.

**IT IS SO ORDERED**.

DATED: September 13, 2010

_____
HON. DANA M. SABRAW
United States District Judge