# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC., <br><br>  Plaintiffs, <br><br> vs. <br><br><br><br><br> SIGNET ARMORLITE, INC., <br><br> Defendant. <br><br>———————————————— <br> AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR) <br><br> **ORDER (1) DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NONINFRINGEMENT OF CLAIM 1, 5 AND 6 OF THE '713 PATENT, (2) DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF LITERAL INFRINGEMENT OF CLAIM 6 OF THE '713 PATENT AND (3) DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF LITERAL INFRINGEMENT OF CLAIM 1 OF THE '713 PATENT** <br><br> **[Docket Nos. 887, 890, 894]** |

This case comes before the Court on Plaintiff's motions for judgment as a matter of law of literal infringement of claims 1 and 6 of the '713 Patent and Defendant's motion for judgment as a matter of law of noninfringement of claims 1, 5 and 6 of the '713 Patent. Each side has filed opposition and reply briefs to each motion. For the reasons set out below, the Court denies the motions.

/ / /

/ / /

# I.

# DISCUSSION

Federal Rule of Civil Procedure 50(a)(1) provides:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), *cert. denied by Roberts v. Torres*, ___ U.S. ___, 129 S.Ct. 1995 (2009), (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.* at 1206 (quoting *LaLonde*, 204 F.3d at 959).

Here, the Court has reviewed the evidence on the issue of infringement, and finds that a reasonable jury would have a sufficient evidentiary basis to find for either party. Accordingly, neither side is entitled to judgment as a matter of law pursuant to Rule 50(b).

# II.

# CONCLUSION AND ORDER

For the foregoing reasons, the Court denies Plaintiff's motions for judgment as a matter of law

///

///

///

of literal infringement of claims 1 and 6 of the '713 Patent and denies Defendant's motion for judgment as a matter of law of noninfringement of claims 1, 5 and 6 of the '713 Patent.

**IT IS SO ORDERED**.

DATED: September 24, 2010

_____
HON. DANA M. SABRAW
United States District Judge