# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO WILLFUL INFRINGEMENT OF THE '713 PATENT**<br><br>**[Docket No. 889]** |

This case comes before the Court on Defendant's motion for judgment as a matter of law of no willful infringement of the '713 Patent. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply. For the reasons set out below, the Court denies the motion.

## I.
## DISCUSSION

Signet argues the jury's findings of no infringement and no invalidity and its inability to reach a decision on other issues, as well as the court's rulings, preclude a finding of willful infringement. Zeiss disagrees, and asserts there is substantial evidence to support such a finding.

**A.      Standard of Review**

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), *cert. denied by Roberts v. Torres*, ___ U.S. ___, 129 S.Ct. 1995 (2009), (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.* at 1206 (quoting *LaLonde*, 204 F.3d at 959).

**B.    Willful Infringement**

A determination of willful infringement requires a two-part inquiry. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). Second, if this "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

Here, Signet argues that Zeiss cannot satisfy its burden. In support of this argument, Signet relies on the jury's partial verdict and the court's rulings. Signet also asserts that it has legitimate defenses to infringement and validity, which preclude a finding of willfulness. Signet acknowledges that Zeiss presented some evidence in support of its allegation of willfulness, *e.g.*, e-mails from

1  Crossbows employees and requests by Signet for a license to the '713 Patent, but contends that
2  evidence is insufficient to support a finding of willfulness.
3  However, in ruling on a motion for judgment as a matter of law, the Court must view the
4  evidence, and draw all reasonable inferences therefrom, in favor of the nonmoving party, here Zeiss.
5  Construed in this light, the Court cannot say that no reasonable juror could find in Zeiss' favor.

## II.

## CONCLUSION AND ORDER

For these reasons, the Court denies Signet's motion for judgment as a matter of law of no willful infringement of the '713 Patent.

**IT IS SO ORDERED**.

DATED: October 8, 2010

HON. DANA M. SABRAW
United States District Judge