# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>Plaintiffs,<br><br>vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>Defendant.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON CLAIM FOR CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**[Docket No. 892]** |

This case comes before the Court on Plaintiffs' motion for judgment as a matter of law on Defendant's counterclaim for California common law unfair competition. Defendant has filed an opposition to the motion, and Plaintiffs have filed a reply. For the reasons set out below, the Court grants in part and denies in part Plaintiffs' motion.

## I.
## DISCUSSION

Zeiss argues there is insufficient evidence to support a finding for Signet on its counterclaim for unfair competition under California common law. Signet disagrees.

**A.   Standard of Review**

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), *cert. denied by Roberts v. Torres*, ___ U.S. ___, 129 S.Ct. 1995 (2009), (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.* at 1206 (quoting *LaLonde*, 204 F.3d at 959).

**B.     Unfair Competition Under California Common Law**

To prevail on its counterclaim for unfair competition under California common law, Signet must prove each of the following elements: (1) The Zeiss parties either (a) made a statement that was false and intentionally disparaging of Signet's Kodak Unique lenses or (b) asserted in "bad faith" that Signet infringed the '713 patent, (2) the statement or bad faith assertion of patent infringement influenced someone's decision to do business with Signet, and (3) the statement or bad faith assertion of patent infringement caused injury to Signet. (Docket No. 882 at 43.)

In support of the first element, Signet asserts Zeiss made both disparaging statements about Signet's Kodak Unique lenses and bad faith assertions of patent infringement. The disparaging statements include statements by Cheryl Vescio of Zeiss to Charles Benson of Co-Op Optical that Signet had "somehow potentially maybe" got a hold of Zeiss' technology and "brought it to the U.S." (Tr. Ex. 817 at 109:07-109:14.) Ms. Vescio also brought into question the "longevity" of Signet's

Kodak Unique lenses. (*Id.* at 146:08-146:15.) Signet also presented evidence that a Zeiss representative told Anh Huong Suba of Littlefield Eye Associates "that there was no point in ordering the [Signet] lens because it was going to be off the market because of the lawsuit that was going on between Zeiss and Signet." (Tr. Ex.814 at 34:15-18.)

Signet asserts that Ms. Vescio's statements to Mr. Benson influenced Co-Op's decision to do business with Signet. In support of this assertion, Signet cites to Trial Exhibit 1377, which reflect Co-Op's purchases of Kodak Unique lenses from 2007 through 2009. That exhibit reveals that Co-Op purchased 202 units in 2007, 348 units in 2008 and 9 units in 2009. (Tr. Ex. 1377.) However, Signet fails to cite any evidence connecting Ms. Vescio's statements to those purchases. In the absence thereof, Ms. Vescio's statements cannot support a finding for Signet on its counterclaim for common law unfair competition.

The same cannot be said, however, for the statements to Ms. Suba. Signet has presented evidence that those statements caused Littlefield to "stop[ ] ordering" Kodak Unique lenses. (*See* Tr. Ex. 814 at 34:02-19.) Accordingly, there is evidence to support Signet's claim with respect to Littlefield Eye Associates.

In addition to these disparaging statements, Signet alleges Zeiss committed common law unfair competition by making bad faith assertions of patent infringement against Signet. To prevail on this theory, Signet must prove by clear and convincing evidence that Zeiss' allegations of patent infringement were objectively baseless, *i.e.*, such that no reasonable person could reasonably expect success on the merits, and that Zeiss' subjective motivation was to interfere directly with Signet's business. In support of this showing, Signet relies on Zeiss' statement that Carl Zeiss Vision, Inc. owned the '713 patent and therefore had standing to sue Signet. (Opp'n to Mot. at 3.)

However, Zeiss' statement does not amount to clear and convincing evidence of bad faith. Zeiss' mistaken belief about the ownership of the '713 patent does not speak to the basis for its allegation of patent infringement. Indeed, Signet does not challenge the basis for Zeiss' allegation of patent infringement, but limits its attacks to Zeiss' allegation of ownership of the patent. That ownership allegation turned out to be false, but "merely pleading that [a patent holder's] statements were 'false' is insufficient to plead bad faith. As the Federal Circuit has held, patentholders 'are

1  allowed to make representations that turn out to be inaccurate provided they make them in good
2  faith.'" *Clearplay, Inc. v. Nissim Corp.*, 555 F.Supp.2d 1318, 1329 (S.D. Fla. 2008) (quoting *Golan*
3  *v. Pingel Enterprises, Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002)). Here, Signet has failed to present
4  any evidence that Zeiss' initial allegations of ownership of the '713 patent were made in bad faith.
5  Accordingly, the Court grants Zeiss' motion for judgment as a matter of law on this theory of common
6  law unfair competition.

## II.
## CONCLUSION AND ORDER

9  For these reasons, the Court grants in part and denies in part Zeiss' motion for judgment as a
10 matter of law on Signet's claim of unfair competition under California common law. Specifically, the
11 Court grants the motion as to the statements of Ms. Vescio and the statements about the ownership
12 of the '713 patent, but denies the motion as to the statements to Ms. Suba of Littlefield Eye
13 Associates.

14 **IT IS SO ORDERED**.

15 DATED: November 8, 2010

HON. DANA M. SABRAW
United States District Judge