UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>　　　　　Defendant.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW THAT ZEISS IS NOT ENTITLED TO *NOERR-PENNINGTON* IMMUNITY AND (2) DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**<br><br>**[Docket No. 888]** |

　　　This case comes before the Court on Defendant's motion for judgment as a matter of law that Zeiss is not entitled to *Noerr-Pennington* immunity and motion for new trial on its Lanham Act counterclaim. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply. For the reasons set out below, the Court denies both motions.

**I.**

**DISCUSSION**

　　　Signet urges the Court to find that Zeiss is not entitled to *Noerr-Pennington* immunity from suit, and also argues that it is entitled to a new trial on its Lanham Act claim due to the inclusion of *Noerr-Pennington* language in the Lanham Act instruction. Zeiss asserts Signet has not met its burden

to show entitlement to judgment as a matter of law on *Noerr-Pennington* immunity, and that a new trial on the Lanham Act counterclaim is unwarranted.

**A.     Standard of Review**

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), *cert. denied by Roberts v. Torres*, ___ U.S. ___, 129 S.Ct. 1995 (2009), (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.* at 1206 (quoting *LaLonde*, 204 F.3d at 959).

**B.     *Noerr-Pennington* Immunity**

To defeat Zeiss' claim of *Noerr-Pennington* immunity, Signet had to prove two elements by clear and convincing evidence: (1) that Zeiss' lawsuit is objectively baseless and (2) the baseless lawsuit was filed in an attempt to harass or interfere directly with the business relationships of Signet through the filing or prosecuting of the suit, as opposed to the outcome of the suit. (Docket No. 882 at 52.) To prove the lawsuit is objectively baseless, Signet must show that "no reasonable litigant could realistically expect to win." (*Id.*)

///

1      In the present motion, Signet does not address whether it satisfied its burden of proof on these two elements. Instead, it asserts there are two additional exceptions to *Noerr-Pennington* immunity, each of which is satisfied by the facts of this case. First, Signet asserts there is an exception "where the allegedly unlawful conduct 'consists of making intentional misrepresentations to the court' and those misrepresentations or the 'party's knowing fraud upon ... the court deprive the litigation of its legitimacy.'" (Mem. of P. & A. in Supp. of Mot. at 3) (quoting *Kearney v. Foley & Lardner*, LLP, 590 F.3d 638, 646 (9th Cir. 2009)). Second, Signet argues there is an exception "where a party, knowing it does not have standing or with no reasonable basis for asserting standing, nevertheless files or joins a lawsuit." (*Id.*) (citing *In re Burlington Northern, Inc.*, 822 F.2d 518, 529-31 (5th Cir. 1987)).

       The Supreme Court has yet to decide whether there is a fraud exception to *Noerr-Pennington* immunity. *Baltimore Scrap Corp. v. David J. Joseph Co.*, 237 F.3d 394, 403 (4th Cir. 2001). However, some circuits, including the Ninth Circuit, have applied such an exception. *See Liberty Lake Investments, Inc. v. Magnuson*, 12 F.3d 155 (9th Cir. 1993); *Baltimore Scrap*, 237 F.3d at 401-04; *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hosp.*, 185 F.3d 154, 173 (3d Cir. 1999). In the Ninth Circuit, the exception applies if "a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *Liberty Lake*, 12 F.3d at 159.

       Signet argues that Zeiss' litigation misconduct in this case satisfies the fraud exception. In support of this argument, Signet relies on the Court's order granting Signet's request for attorneys fees and costs as a sanction for Zeiss' litigation misconduct. In that order, the Court found that Zeiss had acted willfully and in bad faith in withholding certain documents relevant to its standing. Signet also argues the Court's finding of prejudice demonstrates that Zeiss' misconduct "deprive[d] the litigation of its legitimacy." *Kearney*, 590 F.3d at 646.

       Although the Court agrees with Signet that Zeiss made intentional misrepresentations to the Court, that misconduct did not deprive this litigation of its legitimacy. Litigation is deprived of legitimacy when a party's misconduct "induced the plaintiffs to settle the suit for a lower amount than they would have in the absence of the fraud[,]" *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006) (citing *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 365 (9th Cir. 2005)), when the misconduct resulted in the "property being valued lower than it should have been[,]"

*Kearney*, 590 F.3d at 647, and when the misconduct caused the adjudicators to make decisions based on facts that did not exist. *Armstrong Surgical*, 185 F.3d at 173. In this case, Zeiss' misconduct "'did not infect the core'" of the case. *Baltimore Scrap*, 237 F.3d at 402 (quoting *Cheminor Drugs v. Ethyl Corp.*, 168 F.3d 119, 123 (3d Cir. 1999)). The misconduct was discovered relatively early in the proceedings, the standing deficiencies were cured, Zeiss was sanctioned severely for its misconduct, and the case proceeded on the merits. Under these circumstances, the fraud exception to *Noerr-Pennington* immunity does not apply.

Signet's second argument in support of its motion relies on *In Re Burlington Northern*. In *In Re Burlington Northern*, the Fifth Circuit held that "a bystander to a controversy who either knows he has no standing or who has no reasonable basis for asserting standing but who nonetheless files or joins in a lawsuit cannot claim the protection *Noerr-Pennington* extends to genuine attempts to influence judicial decisionmaking." 822 F.2d at 530. Here, Signet argues that the Court's rulings on standing support a finding of sham litigation under this standard. However, in none of its rulings did the Court find that Zeiss knew it did not have standing or that Zeiss failed to have a reasonable basis for asserting standing. Thus, this evidence does not support Signet's argument of sham under *In Re Burlington Northern*. Absent this evidence, Signet has not shown that Zeiss' lawsuit is objectively baseless.

## II.

## CONCLUSION AND ORDER

For these reasons, the Court denies Signet's motion for judgment as a matter of law that Zeiss is not entitled to *Noerr-Pennington* immunity. In light of that ruling, the Court also denies Signet's motion for a new trial on its Lanham Act claim.

**IT IS SO ORDERED**.

DATED: November 8, 2010

HON. DANA M. SABRAW
United States District Judge