# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>                              Plaintiffs,<br>     vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>                              Defendant.<br>_____<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (POR)<br><br>**ORDER ON POST-TRIAL MOTIONS**<br><br>**[Docket Nos. 1170, 1171, 1172, 1174, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1211]** |

This case comes before the Court on the parties' post-trial motions. Zeiss has filed three post-trial motions: (1) a Renewed Rule 50 Motion for Judgment as a Matter of Law That Dependent Claim 5 is Not Invalid and to Resolve Ostensible Verdict Inconsistency (Docket No. 1171), (2) a Renewed Rule 50 Motion for Judgment as a Matter of Law that Claim 7 of the '713 Patent is Not Invalid and to Resolve Ostensible Verdict Inconsistency (Docket No. 1172), and (3) an *Ex Parte* Application to Strike the Extra-Record Documents Cited in Signet's JMOL Memoranda That Were Not Admitted into Evidence During the Jury Trial (Docket No. 1211). Signet has filed twelve motions: (1) a Request for Clarification and Correction of Interim Judgment (Docket No. 1170), (2) a Motion for Reconciliation of Invalidity Verdicts or, the in the Alternative, for a New Trial (Docket No. 1174), (3) a Renewed Motion for Judgment as a Matter of Law of No Enablement of Claims 1, 5, 6, and 8

of the '713 Patent and Alternative Motion for New Trial (Docket No. 1179), (4) a Renewed Motion for Judgment as a Matter of Law of Indefiniteness of the Claims of the '713 Patent and Alternative Motion for New Trial (Docket No. 1180), (5) a Renewed Motion for Judgment as a Matter of Law for Invalidity Under 35 U.S.C. § 102 of Claim 6 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1181), (6) a Renewed Motion for Judgment as a Matter of Law of Invalidity Under 35 U.S.C. § 103 of Claim 6 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1182), (7) a Renewed Motion for Judgment as a Matter of Law of Invalidity Under 35 U.S.C. § 102 of Claims 1 and 8 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1183), (8) a Renewed Motion for Judgment as a Matter of Law of Invalidity Under 35 U.S.C. § 103 of Claims 1 and 8 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1184), (9) a Renewed Motion for Judgment as a Matter of Law of Noninfringement of Claim 1 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1185), (10) a Renewed Motion for Judgment as a Matter of Law of Noninfringement of Claim 5 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1186), (11) a Renewed Motion for Judgment as a Matter of Law of Noninfringement of Claim 6 of the '713 Patent and Alternative Motion for New Trial (Docket No. 1187), and (12) a Renewed Motion for Judgment as a Matter of Law of No Willful Infringement of the '713 Patent and Alternative Motion for New Trial (Docket No. 1188). All of the motions are fully briefed and ready for disposition.

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, "'[j]udgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002)). "In other words, '[a] motion for a judgment as a matter of law is properly granted only if no reasonable

juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Id.* at 1205-06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). "'If conflicting inferences may be drawn from the facts, the case must go to the jury.'" *Id.* at 1206 (quoting *LaLonde*, 204 F.3d at 959).

Here, the Court has reviewed the trial record, and finds that neither side is entitled to judgment as a matter of law on any of the issues raised, with one exception: whether claim 7 is invalid as not enabled. On this issue, the Court grants Zeiss's renewed motion for judgment as a matter of law that claim 7 is not invalid as not enabled. The remainder of the motions for judgment as a matter of law are denied.

With those rulings, there remains the issue of whether the jury's findings on anticipation and obviousness are irreconcilably inconsistent. The Court finds they are, *see Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1349-50 (Fed. Cir. 2010) (finding that verdict holding independent claims valid but dependent claims invalid "plainly inconsistent"); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344 (Fed. Cir. 2009) (same), and thus, grants Signet's motion for a new trial on only those issues.[1]

As to the remaining motions, the Court denies Zeiss' *ex parte* motion to strike, (Docket No. 1211), and grants Signet's request for clarification and corrections of the June 2, 2011 Interim Judgment. The Court will issue an Amended Interim Judgment consistent with Signet's request and this Order in a separate document.

On the issue of inequitable conduct, the parties shall file cross-motions for summary judgment on or before **October 14, 2011**. Oppositions shall be filed on or before **October 28, 2011**, and reply briefs shall be filed on or before **November 10, 2011**. Those motions shall be heard on **November 22, 2011**, at **1:30 p.m.**

---

[1] Signet argues it is entitled to a new trial on infringement because that issue is "inseparably intertwined" with the issue of validity. (Docket No. 1174-1 at 8.) The Court respectfully disagrees, and therefore, denies Signet's request for a new trial on infringement.

A final pretrial conference shall be held on **January 6, 2012**, at **10:30 a.m.** The retrial of the validity issues shall be held on **February 6, 2012**, at **9:00 a.m.**, followed immediately by the bench trial on inequitable conduct, if necessary. Counsel shall contact Judge Bencivengo's chambers to schedule another settlement conference to occur prior to the trial date.

**IT IS SO ORDERED**.

DATED: September 14, 2011

HON. DANA M. SABRAW
United States District Judge