1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

12 MAR 16 AM 8:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CARL ZEISS VISION INTERNATIONAL GMBH, ET AL,

                          Plaintiff,

        v.

SIGNET ARMORLITE, INC.,

                          Defendant.

Case No. 07 CV 0894 DMS

# JURY INSTRUCTIONS

DATED:   3·9·12

                          _____
                          DANA M. SABRAW
                          UNITED STATES DISTRICT JUDGE

# INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 1.1**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**INSTRUCTION NO. 1.2**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 1.3**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 1.4**

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION NO. 1.5**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 1.6**

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 1.7**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 1.9**

When a party has the burden of proving any defense by clear and convincing evidence, it means you must be persuaded by the evidence that the defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence. Preponderance of evidence means you must be persuaded by the evidence that the asserted claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 1.10**

## SUMMARY OF CONTENTIONS

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

As I previously told you, it is undisputed in this proceeding that Signet's Kodak Unique spectacle lenses are covered by claims 1, 5 and 6 of the '713 patent. Thus, you need not determine whether Signet's Kodak Unique lenses infringe the '713 patent. Rather, you are asked to determine only whether the claims of the '713 patent are valid. Signet Armorlite contends that claims 1, 5, 6 and 7 of the '713 patent are invalid as anticipated and/or obvious in view of the prior art.

Zeiss contends that claims 1, 5, 6 and 7 are valid, and are not anticipated or obvious in view of the prior art.

Your job is to decide whether any of claims 1, 5, 6 and/or 7 of the '713 patent are invalid as anticipated and/or obvious in view of the prior art.

**INSTRUCTION NO. 2.0**

## THE ROLE OF THE CLAIMS OF A PATENT

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define how broad or narrow the patent's coverage is. Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not the claim is invalid. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issue of invalidity.

**INSTRUCTION NO. 2.1**

## HOW A CLAIM DEFINES WHAT IT COVERS

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device or a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent. Each claim may be narrower or broader than another claim by setting forth more or fewer requirements. The coverage of a patent is assessed claim-by-claim. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the meaning of the words in the claims and the requirements these words impose.

As I just instructed you, there are certain specific terms that I have defined and you are to apply the definitions that I provide to you.

By understanding the meaning of the words in a claim and by understanding that the words in a claim set forth the requirements that a product or process must meet in order to be covered by that claim, you will be able to understand the scope of coverage for each claim. Once you understand what each claim covers, then you are prepared to decide the issue of invalidity.

**INSTRUCTION NO. 2.2**

### INDEPENDENT AND DEPENDENT CLAIMS

This case involves two types of patent claims: independent claims and dependent claims. An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claims 1 and 6 of the '713 patent are each independent claims.

Claims 5 and 7 of the '713 patent are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way the claim "depends" on another claim. The law considers a dependent claim to incorporate all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own, additional, requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers. Here, claim 5 depends on claim 1 and thus incorporates all of the requirements of claim 1. Claim 5 then adds its own, additional requirements. Claim 7 depends on claim 6 and thus incorporates all of the requirements of claim 6. Claim 7 then adds its own, additional requirements.

If you find an independent claim to be valid, you must also find its dependent claim to be valid. If you find an independent claim to be invalid, you must then proceed to determine whether the dependent claim is valid or invalid.

# INSTRUCTION NO. 2.3

## CLAIM INTERPRETATION

You will recall that I instructed you that you must accept my definition of certain terms in the claims as correct. You have been provided with a document that sets forth my definition of these terms as well as definitions for other terms that the parties have agreed upon. For any words in the claim for which I have not provided you with a definition, you should apply their plain English meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issue of invalidity. This issue is yours to decide.

(1) "prescription surface" – plain and ordinary meaning.

(2) "individually optimized" and "individual optimization" – custom designed using one or more mathematical calculations and optical evaluations.

(3) "Diopters" – a unit for specifying the power of a spectacle lens. It is the reciprocal of the focal length in meters.

(4) "excluding 0 diopters" – there is no prescriptive requirement for sphere, astigmatism and prism, i.e., there is no individual prescription.

(5) "astigmatic" and "astigmatism" – plain and ordinary meaning.

(6) "distribution of said requirements over said prescription surface" – plain and ordinary meaning.

(7) "optimization calculation" – plain and ordinary meaning.

(8) "semi-finished lenses" – plain and ordinary meaning.

(9) "a few different radii" – plain and ordinary meaning.

(10) "matching" – plain and ordinary meaning.

(11) "established at all points on said back surface facing a wearer's eye" – at each point on the back surface, calculated using solutions of error integrals and methods of calculus of variation.

(12) "spectacle lens" – a lens used to correct vision by refracting incoming light which is mounted in a frame and held in front of the wearer's eye.

(13) "front surface" – the surface of the lens facing away from the wearer's eye.

(14) "spherical" – sphere-like in the sense of being shaped like a portion of the surface of a sphere.

(15) "rotationally symmetric aspheric front surface" – created by rotating a non-circular geometric shape about a point or an axis, such as a parabola or an ellipse.

(16) "back surface" – the surface of the lens facing toward the wearer's eye.

(17) "said back surface comprising a multifocal surface" – having more than a single corrective refracting power.

(18) "without point symmetry or axial symmetry" – the back surface is asymmetrical – e.g., there is no point or axis about which symmetry is found. This type of asymmetric surface is referred to in the art as "free form."

(19) "without point symmetry and/or axial symmetry" – the back surface is asymmetrical – e.g., there is no point and/or axis about which symmetry is found. This type of asymmetric surface is referred to in the art as "free form."

(20) without point symmetry and axial symmetry" – the back surface is asymmetrical – e.g., there is no point and no axis about which symmetry is found. This type of asymmetric surface is referred to in the art as "free form."

**INSTRUCTION NO. 2.4**

## OPEN-ENDED OR "COMPRISING" CLAIMS

The beginning, or preamble, of claims 1 and 6 uses the word "comprising." "Comprising" means "including" or "containing but not limited to." That is, if you decide that a prior art product or process includes all the requirements in claim 1 or 6, that claim is invalid. This is true even if the prior art product or process includes components or steps in addition to those requirements.

For example, a claim to a table *comprising* a tabletop, legs, and glue would be disclosed by a prior art table that includes a tabletop, legs, and glue, even if the prior art table also includes wheels on the table's legs.

**INSTRUCTION NO. 2.5**

## INVALIDITY - BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether or not Signet has proven that claims 1, 5, 6 and 7 of the '713 patent are invalid. To prove that any claim of a patent is invalid, Signet must persuade you by clear and convincing evidence. That is, in order to find a claim invalid you must conclude that it is highly probable that the claim is invalid.

Signet contends the '713 patent is invalid based on defenses of anticipation and obviousness. I will now instruct you on the invalidity issues that you have to decide in this case.

**INSTRUCTION NO. 2.6**

## ANTICIPATION

A patent claim is invalid if the claimed invention is not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, these previous devices, methods, publications or patents are called "prior art references." If a patent claim is not new, we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of design and production of multifocal or progressive ophthalmic lenses looking at that one reference would be able to make and use the claimed invention.

Here is a list of ways that Signet can show that a patent claim was not new:

1. If the claimed invention was already patented or described in a printed publication anywhere in the world before the date of invention;

2. If the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date of invention.

**INSTRUCTION NO. 2.7**

OBVIOUSNESS

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Signet may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of design and production of ophthalmic lenses.

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of design and production of progressive ophthalmic lenses that someone would have had at the time the claimed invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, you may but are not required to find obviousness if you find that at the time of the claimed invention there was a reason that would have prompted a person having ordinary skill in the field of design and production of *multifocal or* progressive ophthalmic lenses to combine the known elements in a way the claimed invention does, taking into account such factors as (1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been

obvious to try the combination of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and (6) whether the change resulted more from design incentives or other market forces. To find it rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.

In determining whether the claimed invention was obvious, consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the invention.

In making these assessments, you should take into account any objective evidence (sometimes called "secondary consideration") that may have existed at the time of the invention and afterwards that may shed light on the obviousness or not of the claimed invention, such as:

a. Whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market-pressure advertising or similar activities);

b. Whether the invention satisfied a long-felt need;

c. Whether others had tried and failed to make the invention;

d. Whether others invented the invention at roughly the same time;

e. Whether others copied the invention;

f. Whether there were changes or related technologies or market needs contemporaneous with the invention;

g. Whether the invention achieved unexpected results;

h. Whether others in the field praised the invention;

I. Whether persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention;

j.     Whether others sought or obtained rights to the patent from the patent holder; and

k.     Whether the inventor proceeded contrary to accepted wisdom in the field.

**INSTRUCTION NO. 2.8**

### LEVEL OF ORDINARY SKILL

Several times in my instructions I have referred to a person of ordinary skill in the field of the technology of the patent. In this case, that is the design and production of multifocal or progressive ophthalmic lenses. It is up to you to decide the level of ordinary skill in the field of design and production of multifocal or progressive ophthalmic lenses. You should consider the evidence introduced at trial in making this decision, including:

1. The level of education and experience of persons working the field;

2. The types of problems encountered in the field; and;

3. The sophistication of the technology.

**INSTRUCTION NO. 2.9**

## SCOPE AND CONTENT OF THE PRIOR ART

In considering whether the claimed invention is anticipated or obvious, you must first determine the scope and content of the prior art.

The scope and content of prior art for deciding whether the invention was obvious includes prior art in the same field as the claimed invention, regardless of the problem addressed by the item or reference, and prior art from different fields that a person of ordinary skill in the art using common sense might combine if familiar so as to solve the problem, like fitting together the pieces of a puzzle.

**INSTRUCTION NO. 3.0**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 3.1**

If it becomes necessary during your deliberations to communicate with me, you may send a note through my law clerk, signed by your presiding juror or by one or more members of the Jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 3.2**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.