# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS VISION INTERNATIONAL GMBH and CARL ZEISS VISION INC.,,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SIGNET ARMORLITE, INC.,<br><br>　　　　　　　　　　　　Defendant.<br>_____<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 07cv0894 DMS (DHB)<br><br>**ORDER GRANTING CARL ZEISS VISION INTERNATIONAL GMBH'S MOTION FOR AN ACCOUNTING AND PRE- AND POST-JUDGMENT INTEREST**<br><br>**[Docket No. 1542]** |

This case comes before the Court on Carl Zeiss Vision International GmbH's motion for an accounting and pre- and post-judgment interest. Signet opposes the motion.

**Accounting**

Zeiss seeks an accounting of all Kodak Unique Lenses sold or otherwise transferred from April 1, 2009, through the effective date of any permanent injunction. Signet disputes that Zeiss is entitled to an accounting, but argues that if an accounting is ordered it should run from April 1, 2011, to the present, not from April 1, 2009.

"Courts routinely grant motions for a further accounting where the jury did not consider certain periods of infringing activity *post*-verdict." *Metso Minerals, Inc. v. Powerscreen Int'l Distrib. Ltd.*, 833 F.Supp.2d 333, 347 (E.D.N.Y. 2011). In this case, Zeiss requests an accounting of lenses sold

pre- and post-verdict. However, during the second trial, Zeiss stipulated to the number of lenses sold from April 2009 through the end of March 2011. (Trial Tr. 1381, 1404, May 12, 2011.) That stipulation did not include a reservation of rights or leave open the possibility of a further accounting of lenses sold during that time period. Accordingly, the Court denies Zeiss's request for an accounting from April 2009 through March 2011.

Zeiss is entitled, however, to an accounting of lenses sold after March 2011. Signet does not dispute that an accounting is appropriate under the circumstances of this case, *i.e.*, where the infringer continues selling the infringing product after the jury renders its verdict, but argues that a formal accounting is unnecessary because it has provided informal accountings on a rolling basis since the jury verdict. However, Signet's provision of informal accountings does not relieve it of its obligation to provide a formal accounting, especially in light of its decision to continue selling the infringing product. Under these circumstances, the Court grants Zeiss's request for a formal accounting of all sales of Kodak Unique lenses from April 1, 2011, through the present.

**Prejudgment Interest**

The next issue is whether Zeiss is entitled to prejudgment interest. Zeiss asserts it is entitled to prejudgment interest at the California statutory rate of seven percent on its compensatory damages, enhanced damages and attorneys fees. Signet disputes that Zeiss is entitled to prejudgment interest at all, but if it is, Signet disputes the rate to be applied and that interest should be applied to any enhanced damages and attorneys fees.

The Supreme Court has held "that prejudgment interest should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The purpose of prejudgment interest is "to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Id.* at 655. Here, Signet argues the Court has discretion to refuse to award prejudgment interest, but it fails to explain why the Court should do so. Consistent with the general rule, this Court grants Zeiss's request for prejudgment interest.

Next, the Court must determine the rate of interest to be awarded. Zeiss requests that the Court award the statutory rate in California, which is seven percent, while Signet requests that the Court

1  award the rate to be applied to post-judgment interest, which appears to be less than .5 percent.
2  District courts in California have applied both rates. *See Presidio Components Inc. v. Am. Technical*
3  *Ceramics Corp.*, 723 F.Supp.2d 1284, 1330 (S.D. Cal. 2010) (applying California's statutory rate of
4  7%); *In re Hayes Microcomputer Products, Inc. Patent Litig.*, 766 F.Supp. 818, 824-25 (N.D. Cal.
5  1991) (same); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101, 1103 (S.D. Cal.
6  1990) (same); *Accentra Inc. v. Staples, Inc.*, ___ F.Supp.2d ____, 2011 WL 7563039, at *31 (C.D.
7  Cal. Dec. 19, 2011) (applying rate set out in 28 U.S.C. § 1961); *Sibia Neurosciences, Inc. v. Cadus*
8  *Pharmaceutical Corp.*, No. 96-1231-IEG (POR), 1999 WL 33554683, at *2 (S.D. Cal. Mar. 10, 1999)
9  (same); *Intex Plastic Sales Co. v. Hall*, No. C-85-2987-JPV, 1991 WL 270167, at *5 (N.D. Cal. July
10 10, 1991) (same). In this case, the Court finds the statutory interest rate of seven percent is more
11 likely to put Zeiss in the position it would have been in had Signet entered into a reasonable royalty
12 agreement concerning the '713 Patent. Accordingly, the Court awards prejudgment interest at the rate
13 of seven percent on Zeiss's compensatory damages. The Court declines to award prejudgment interest
14 on any attorneys' fees award.

15 **Postjudgment Interest**

16 The final issue is postjudgment interest. The parties do not appear to dispute that Zeiss is
17 entitled to postjudgment interest. Thus, the Court grants Zeiss' request, and awards postjudgment
18 interest in accordance with 28 U.S.C. § 1961(a).

19 **IT IS SO ORDERED**.

20 DATED: July 27, 2012

22 HON. DANA M. SABRAW
    United States District Judge